# EXHIBIT 1

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 7/22/2022 4:05 PM
Accepted 7/22/2022 4:12 PM
CASE #  CE22-00755

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JAMES H. WILSON, III,        )
                                )
       Plaintiff,          )
                                )
vs.                            )     CIVIL ACTION NO: CE22-00755
                                )     JUDICIAL OFFICER: JUDGE KELLEY
HEAROS, LLC,          )
                                )
       Defendant.      )

---

## **Complaint for Damages**

COMES NOW, James H. Wilson, III, Plaintiff in the above-styled action, and files this, his Complaint for Damages, showing this Honorable Court as follows:

### **Parties, Jurisdiction, and Venue**

1.

Plaintiff James H. Wilson, III is a resident of Glynn County, Georgia.

2.

Defendant Hearos, LLC (hereinafter "Hearos") is a company specializing in the development, manufacturing, distribution, marketing, and sale of protective slow recovery foam earplugs (hereinafter "Earplugs"). Hearos conducts substantial business across the nation, including in the States of Georgia and Texas. The business address is 968 Albany Shaker Road, Latham, NY 12110 and it may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3.

Though the tortious injuries in this case occurred in Dallas, Texas, the Earplugs were purchased in Georgia, a state in which Hearos conducts substantial business.

4.

This Court has subject-matter jurisdiction over this case.

5.

Defendant is subject to the personal jurisdiction of this Court.

6.

Venue is proper in this Court.

## **Factual Allegations**

7.

On July 25, 2020, Plaintiff received training at Winchester Public Shooting Range, located at 10751 Luna Road, Dallas Texas. Plaintiff had purchased the Earplugs sometime earlier and took them to the range for protection against the loud noise at the gun range.

8.

During this training session, Plaintiff used the Earplugs. After firing a few rounds, Plaintiff felt some discomfort and upon experiencing pain in his ears, Plaintiff stopped firing his weapon. At this point, Plaintiff could hardly hear, which gave him grave concern. He then left the range.

9.

As soon as possible, Plaintiff visited Ford Albritton, M.D., his regular ear doctor. In response to Plaintiff's complaints, Dr. Albritton prescribed Plaintiff steroids (prednisone) for a week in hopes that this would improve his hearing.

10.

With no clear improvement in his hearing ability within the week, Plaintiff was referred to another specialist, John Peters, M.D., of the Texas Ear Institute, who, after extensive testing, diagnosed Plaintiff with acute acoustic trauma with significant perceptive hearing loss.

11.

Prior to this incident, Plaintiff has never been reported to have any type of atherosclerotic disease.

12.

Plaintiff's acute hearing loss and the accompanying sound distortion was caused by Hearos' poorly manufactured Earplugs and lack of proper usage instructions.

13.

It was foreseeable to Hearos that the public, including Plaintiff, would purchase and use its product for protection against exposure to loud noise such as gun fire.

14.

The defective earplugs thus subjected Plaintiff to an unreasonable risk of harm, in that the so-called high quality protection pieces failed to properly protect against the harmful effects of

loud noises, in turn permanently impairing Plaintiff's hearing.

15.

At all relevant times, Defendant Hearos was in the business of designing, manufacturing marketing, and selling earplugs.

16.

As a direct and proximate result of the defective condition of Hearos' Earplugs, Plaintiff suffered severe and permanent injuries to his hearing. He has tried numerous experimental treatments to no avail.

17.

When Hearos placed its Earplugs into the stream of commerce, they were unfit for their intended use. Though Hearos markets and sells this product throughout the nation to provide ear protection to its consumers, the product failed to provide the marketed and intended protection to Plaintiff.

18.

The risks of serious hearing loss inherent in the earplugs substantially outweigh any utility of design.

19.

The defects in the earplugs and lack of instructions for use existed when the product left Hearos' control and were in substantially the same condition when Plaintiff was injured.

## Count II – Negligence in Manufacturing and Sales

20.

Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth herein.

21.

At all relevant times, Hearos was in the business of designing, manufacturing, packaging, and selling earplugs.

22.

Hearos owed a duty to exercise reasonable care in designing, manufacturing, packaging (including proper instructions for use), selling, distributing and/or otherwise placing the Earplugs into the stream of commerce.

23.

Hearos breached its duty of care as set forth herein in at least the following ways: designing and manufacturing an Earplugs that failed to provide the protection advertised and failing to include proper instructions for use in the packing and sale thereof.

24.

Hearos knew or should have known that failure to exercise reasonable care in the design, manufacturing, packaging (including proper instructions for safe use), distributing, or otherwise placing the Earplugs into the stream of commerce could cause substantial and severe hearing loss.

25.

At the time of Plaintiff's injuries, the Earplugs were in the same defective condition and packing as they were when they left Hearos' control.

26.

Plaintiff's serious injury and permanent disability was a reasonably foreseeable consequence of Hearos' failure to exercise reasonable care.

27.

As a direct and proximate result of Hearos' failure to exercise reasonable care, Plaintiff experienced serious injury, permanent disability, and physical and mental pain and suffering.

**Count III – Failure to Warn**

28.

Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

29.

Prior to designing, manufacturing, assembling and selling the Earplugs, Hearos was or should have been aware of their dangerous and defective design.

30.

Hearos had a duty to warn and a continuing duty to warn foreseeable users of the Earplugs of the damage associated with the design and use thereof.

31.

Hearos failed to warn and/or adequately warn foreseeable users of the earplugs of the defective nature thereof and potential loss of hearing associated therewithin.

**Count IV – Post-Sale Failure to Warn**

32.

Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth herein.

33.

As a direct and proximate result of Hearos' negligent acts and omissions, Plaintiff suffered serious injuries, permanent disabilities, and mental pain and suffering. Plaintiff purchased the Earplugs with the reasonable expectation that they would provide the advertised "advanced protection".

34.

After designing, manufacturing, packaging, and selling the earplugs, Hearos was or should have been aware of their defective and inherent design flaws.

35.

Hearos had a continuing duty to warn foreseeable users of the earplugs of the dangers associated with their use.

36.

Hearos failed to warn foreseeable users of the Earplugs of the danger of loss of hearing associated with their use.

37.

Hearos failed to recall the Earplugs or otherwise warn the public that had purchased their products.

38.

As a direct and proximate results of Hearos' negligent acts and omissions, Plaintiff suffered serious injury, permanent disability, and physical and mental pain and suffering.

**Count VII – Punitive Damages**

39.

Plaintiff incorporates and realleges the preceding paragraphs as if set forth fully herein.

40.

Hearos' knowing and intentional conduct warrants punitive damages in an amount to be determined by the enlightened conscience of a jury.

41.

Hearos' actions demonstrate willful misconduct as well as wanton and an active want of care that raises the presumption of conscious indifference to the consequences thereof.

42.

Punitive damages should be imposed on Hearos in an amount sufficient to deter them from selling such dangerous and ineffective products under the banner of ear protection when it is not provided.

**Count VIII – Attorney's Fees and Expenses of Litigation**

43.

Plaintiff incorporates and realleges the proceeding paragraphs as set forth fully herein.

44.

Hearos' actions constitute intentional, willful tortious conduct. Every intentional tort involves an element of bad faith that entitles a person to recover expenses of litigation, including attorney's fees.

45.

The actions of Hearos and their representatives have caused Plaintiff unnecessary trouble and expense.

46.

Plaintiff is entitled to recover his attorney's fees and expenses of litigation from Hearos pursuant to O.C.G.A. §13-6-11.

## **Prayer for Relief**

WHERFORE, Plaintiff James H. Wilson, III, hereby demands judgment against Hearos, LLC for such damages as a jury may determine to be appropriate and requests the following relief:

A.  Entry of judgment in Plaintiff's favor against Defendant on Plaintiff's complaint;

B.  An award of damages to Plaintiff for Defendant's negligence and other wrongful acts and omissions, including Plaintiff's general and compensatory damages and emotional, mental and physical pain and suffering and special damages for his past,

present and future medical bills and lost wages, all of which being an amount that will be shown at trial;

C.    An award of reasonable attorney's fees and expenses of litigation as authorized by O.C.G.A § 13-6-11;

D.    An award of punitive damages against Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury so that the Defendant may be punished for its actions and deterred from causing serious injuries in the future; and

E.    Trial by a 12-person jury.

This 22nd day of July, 2022.

/s/ Brent J. Savage
**Brent J. Savage**
Georgia Bar No: 627450
*Attorneys for Plaintiff*

SAVAGE TURNER PINCKNEY
SAVAGE & SPROUSE
P.O. Box 10600
Savannah, GA 31412
(912) 231-1140
lhatcher@savagelawfirm.net

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of <u>GLYNN</u> County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed <u>7/22/2022</u> | Case Number | <u>CE22-00755</u> |
| **MM-DD-YYYY** | | |

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| WILSON III, JAMES H. | | | | | HEAROS LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney <u>Brent J. Savage</u>    Bar Number <u>627450</u>    Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

SUMMONS

## IN THE SUPERIOR/STATE COURT OF _____GLYNN_____ COUNTY

## STATE OF GEORGIA

CIVIL ACTION
NUMBER _____CE22-00755_____

_____

JAMES H. WILSON, III
_____
**PLAINTIFF**

VS.

HEAROS, LLC
_____

_____

_____
**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   Brent J. Savage
   102 E. Liberty Street, 8th Floor
   Savannah GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This___22nd___day of____JULY____, __2022__.

Clerk of Superior/State Court

/s/ Madison Browning

BY_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 8/4/2022 4:07 PM
Accepted 8/4/2022 4:27 PM
CASE # CE22-00755
CLERK SUPERIOR COURT

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. CE22-00755

Date Filed 07/22/2022

Superior Court ☒  Magistrate Court ☐
State Court ☐  Probate Court ☐
Juvenile Court ☐
Georgia, GLYNN COUNTY

Attorney's Address

102 E Liberty Street, 8th Floor
Savannah GA, 31401

James H. Wilson, III

Plaintiff

VS.

Hearos, LLC

Name and Address of Party to be Served

Hearos, LLC, c/o CT Corporation System

289 S. Culver Street

Lawrenceville, GA 30046

Defendant

Garnishee

RECEIVED 2022 JUL 27 PM 2:14 CIVIL DIV. G.C.S.C.

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant Hearos LLC a corporation by leaving a copy of the within action and summons with Jane Richardson in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant not to be found in the jurisdiction of this Court.

This 28 day of July, 22.

W. Coberly S01332 DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT

Wolters Kluwer

August 30, 2022

**Notice of Rejected Service of Process – Log# 542217948**

Agent Served: CT Corporation
Party Served:   HEAROS, LLC
Title of Action:   JAMES H. WILSON, III vs. HEAROS, LLC
Case No.  CE2200755

Dear Sir/Madam:

We have received documents from you in the above-referenced matter, but we are not able to forward the
documents to any party due to the reason indicated below.

☑ Not Agent: According to our records and/or the records of the Secretary of State, we are not the registered
agent for the company you are attempting to serve.

☐ Documents Do Not Correctly Identify the Intended Recipient: The name of the party that you are trying to
serve appears to be incomplete and/or there are other errors in how you have identified the party that you are trying
to serve. Our company is the registered agent for service of process for hundreds of thousands of entities, and
because of your errors in identifying the party that you are trying to serve, we are unable to determine the identity
of the party that you are attempting to serve.

☐ Inactive Entity: The entity that you are attempting to serve is inactive on the Secretary of State's records and
has been discontinued on our records. Accordingly, we no longer have any active agreement with the entity to
operate as its registered agent for service of process, and we no longer have current delivery instructions on file.

To be clear, for the aforementioned reason(s), we have not been able to forward the documents that you are
attempting to serve to any entity. We are writing this letter to you so that you can take action to address the
problems that we have identified. If you do not correct the errors identified herein, the party you are trying to serve
will not receive notice of these documents.

Please email SOPInquiries@wolterskluwer.com if you believe that you have received this letter in error or if you
need further assistance.

Very truly yours,

C T Corporation System

**(Returned To)**

GLYNN COUNTY CLERK OF SUPERIOR COURT
P.O. BOX 1355,
BRUNSWICK, GA  31521-1355

SUMMONS

# IN THE SUPERIOR/STATE COURT OF ___GLYNN___ COUNTY

## STATE OF GEORGIA

CIVIL ACTION
NUMBER ___CE22-00755___

JAMES H. WILSON, III

PLAINTIFF

VS.

PROTECTIVE INDUSTRIAL PRODUCTS, INC,
d/b/a HEAROS, LLC

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brent J. Savage
102 E. Liberty Street, 8th Floor
Savannah GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
This___23rd___day of___AUGUST 2022___, _____.

Clerk of Superior/State Court

/s/ Madison Browning
BY_____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED - RW
GLYNN CO. CLERK'S OFFICE
Filed 9/13/2022 3:44 PM
Accepted 9/14/2022 9:08 AM
CASE # CE22-00755

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. ___CE22-00755___

Date Filed ___07/22/2022___

Superior Court ☒
State Court ☐
Juvenile Court ☐
Georgia, ___GLYNN___ COUNTY

Magistrate Court ☐
Probate Court ☐

_Ronald M Adams_
CLERK SUPERIOR COURT

Attorney's Address

102 E Liberty Street, 8th Floor
Savannah GA, 31401

James H. Wilson, III

_____ Plaintiff

VS.

Hearos, LLC

Name and Address of Party to be Served

PIP c/o Registered Agent Germaine Curtin

10715 Indian Village Drive

Alpharetta, GA 30022

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with_____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☒ Diligent search made and defendant CURTIN, GERMAINE PIP C/O RA not to be found in the jurisdiction of this Court. PER ARTEM SANGUINE THE DEFENDANT DOES NOT RESIDE AT THIS ADDRESS

This __30__ day of __AUGUST__ __22__.

C. CANTAVE #3644
_____ DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT



SAVAGE
TURNER
PINCKNEY
SAVAGE
AND
SPROUSE
TRIAL ATTORNEYS

BRENT J. SAVAGE
ROBERT BARTLEY TURNER
KATHRYN HUGHES PINCKNEY
BRENT J. SAVAGE, JR.
ZACHARY R. SPROUSE
JAMES H. WILSON III
CAROLYN M. ADAMS
ELIZABETH D. MCKEE
COLE F. DONAHUE

August 18, 2022

**VIA FEDERAL EXPRESS** 7777 0189 5328
Fulton County Sheriff's Office
Attention: Sheriff's Office Civil Process
185 Central Ave SW
Atlanta GA 30303

      Re:    <u>James H. Wilson, III, v. Hearos, LLC</u>
                  Superior Court of Gwinnett County, State of Georgia
                  Civil Action No: CE22-00755

Dear Sir or Madam:

      Enclosed please find one service copy of **Plaintiff's Complaint and Summons**, in the above-referenced civil action, both to be served upon the following:

                **Protective Industrial Products, Inc. (PIP)**
                **c/o registered agent; Germaine Curtin**
                **10715 Indian Village Dr**
                **Alpharetta GA 30022**

      Additionally, I have enclosed a check in the amount of $50.00 made payable to the Fulton County Sheriff's Office which represents the fee for service. Upon service of the above-referenced pleadings, please return a copy of the Sheriff's Entry of Service Form to our office in the enclosed self-addressed stamped envelope.

      If you have any questions or concerns, please do not hesitate to contact me.   Your assistance in this matter is greatly appreciated.

                Cordially,

                Courtney Lugar
                Paralegal

/cll
Enclosures

SUMMONS

# IN THE SUPERIOR/STATE COURT OF _____ GLYNN _____ COUNTY

## STATE OF GEORGIA

CIVIL ACTION
NUMBER    CE22-00755

_____

JAMES H. WILSON, III
_____
                                    PLAINTIFF

VS.

HEAROS, LLC
_____

_____

_____
                                    DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brent J. Savage
102 E. Liberty Street, 8th Floor
Savannah GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __22nd__ day of __JULY__, __2022__.

Clerk of Superior/State Court

                                    /s/ Madison Browning
BY_____
                                    Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 7/22/2022 4:05 PM
Accepted 7/22/2022 4:12 PM
CASE # CE22-00755

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAMES H. WILSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO: CE22-00755 |
| | )   JUDICIAL OFFICER: JUDGE KELLEY |
| HEAROS, LLC, | ) |
| | ) |
| Defendant. | ) |

### Complaint for Damages

COMES NOW, James H. Wilson, III, Plaintiff in the above-styled action, and files this, his Complaint for Damages, showing this Honorable Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff James H. Wilson, III is a resident of Glynn County, Georgia.

2.

Defendant Hearos, LLC (hereinafter "Hearos") is a company specializing in the development, manufacturing, distribution, marketing, and sale of protective slow recovery foam earplugs (hereinafter "Earplugs"). Hearos conducts substantial business across the nation, including in the States of Georgia and Texas. The business address is 968 Albany Shaker Road, Latham, NY 12110 and it may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3.

Though the tortious injuries in this case occurred in Dallas, Texas, the Earplugs were purchased in Georgia, a state in which Hearos conducts substantial business.

4.

This Court has subject-matter jurisdiction over this case.

5.

Defendant is subject to the personal jurisdiction of this Court.

6.

Venue is proper in this Court.

## Factual Allegations

7.

On July 25, 2020, Plaintiff received training at Winchester Public Shooting Range, located at 10751 Luna Road, Dallas Texas. Plaintiff had purchased the Earplugs sometime earlier and took them to the range for protection against the loud noise at the gun range.

8.

During this training session, Plaintiff used the Earplugs. After firing a few rounds, Plaintiff felt some discomfort and upon experiencing pain in his ears, Plaintiff stopped firing his weapon. At this point, Plaintiff could hardly hear, which gave him grave concern. He then left the range.

9.

As soon as possible, Plaintiff visited Ford Albritton, M.D., his regular ear doctor. In response to Plaintiff's complaints, Dr. Albritton prescribed Plaintiff steroids (prednisone) for a week in hopes that this would improve his hearing.

10.

With no clear improvement in his hearing ability within the week, Plaintiff was referred to another specialist, John Peters, M.D., of the Texas Ear Institute, who, after extensive testing, diagnosed Plaintiff with acute acoustic trauma with significant perceptive hearing loss.

11.

Prior to this incident, Plaintiff has never been reported to have any type of atherosclerotic disease.

12.

Plaintiff's acute hearing loss and the accompanying sound distortion was caused by Hearos' poorly manufactured Earplugs and lack of proper usage instructions.

13.

It was foreseeable to Hearos that the public, including Plaintiff, would purchase and use its product for protection against exposure to loud noise such as gun fire.

14.

The defective earplugs thus subjected Plaintiff to an unreasonable risk of harm, in that the so-called high quality protection pieces failed to properly protect against the harmful effects of

loud noises, in turn permanently impairing Plaintiff's hearing.

15.

At all relevant times, Defendant Hearos was in the business of designing, manufacturing marketing, and selling earplugs.

16.

As a direct and proximate result of the defective condition of Hearos' Earplugs, Plaintiff suffered severe and permanent injuries to his hearing. He has tried numerous experimental treatments to no avail.

17.

When Hearos placed its Earplugs into the stream of commerce, they were unfit for their intended use. Though Hearos markets and sells this product throughout the nation to provide ear protection to its consumers, the product failed to provide the marketed and intended protection to Plaintiff.

18.

The risks of serious hearing loss inherent in the earplugs substantially outweigh any utility of design.

19.

The defects in the earplugs and lack of instructions for use existed when the product left Hearos' control and were in substantially the same condition when Plaintiff was injured.

**Count II – Negligence in Manufacturing and Sales**

20.

Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth herein.

21.

At all relevant times, Hearos was in the business of designing, manufacturing, packaging, and selling earplugs.

22.

Hearos owed a duty to exercise reasonable care in designing, manufacturing, packaging (including proper instructions for use), selling, distributing and/or otherwise placing the Earplugs into the stream of commerce.

23.

Hearos breached its duty of care as set forth herein in at least the following ways: designing and manufacturing an Earplugs that failed to provide the protection advertised and failing to include proper instructions for use in the packing and sale thereof.

24.

Hearos knew or should have known that failure to exercise reasonable care in the design, manufacturing, packaging (including proper instructions for safe use), distributing, or otherwise placing the Earplugs into the stream of commerce could cause substantial and severe hearing loss.

25.

At the time of Plaintiff's injuries, the Earplugs were in the same defective condition and packing as they were when they left Hearos' control.

26.

Plaintiff's serious injury and permanent disability was a reasonably foreseeable consequence of Hearos' failure to exercise reasonable care.

27.

As a direct and proximate result of Hearos' failure to exercise reasonable care, Plaintiff experienced serious injury, permanent disability, and physical and mental pain and suffering.

**Count III – Failure to Warn**

28.

Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

29.

Prior to designing, manufacturing, assembling and selling the Earplugs, Hearos was or should have been aware of their dangerous and defective design.

30.

Hearos had a duty to warn and a continuing duty to warn foreseeable users of the Earplugs of the damage associated with the design and use thereof.

31.

Hearos failed to warn and/or adequately warn foreseeable users of the earplugs of the defective nature thereof and potential loss of hearing associated therewithin.

**Count IV – Post-Sale Failure to Warn**

32.

Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth herein.

33.

As a direct and proximate result of Hearos' negligent acts and omissions, Plaintiff suffered serious injuries, permanent disabilities, and mental pain and suffering. Plaintiff purchased the Earplugs with the reasonable expectation that they would provide the advertised "advanced protection".

34.

After designing, manufacturing, packaging, and selling the earplugs, Hearos was or should have been aware of their defective and inherent design flaws.

35.

Hearos had a continuing duty to warn foreseeable users of the earplugs of the dangers associated with their use.

36.

Hearos failed to warn foreseeable users of the Earplugs of the danger of loss of hearing associated with their use.

present and future medical bills and lost wages, all of which being an amount that will be shown at trial;

C.  An award of reasonable attorney's fees and expenses of litigation as authorized by O.C.G.A § 13-6-11;

D.  An award of punitive damages against Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury so that the Defendant may be punished for its actions and deterred from causing serious injuries in the future; and

E.  Trial by a 12-person jury.

This 22nd day of July, 2022.

/s/ Brent J. Savage
**Brent J. Savage**
Georgia Bar No: 627450
*Attorneys for Plaintiff*

SAVAGE TURNER PINCKNEY
SAVAGE & SPROUSE
P.O. Box 10600
Savannah, GA 31412
(912) 231-1140
lhatcher@savagelawfirm.net



**SHERIFF'S CERTIFICATE OF SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION**

FILED - RW
GLYNN CO. CLERK'S OFFICE
Filed 9/13/2022 3:48 PM
Accepted 9/14/2022 9:09 AM
CE22-00755

*Ronald M Adams*

CLERK SUPERIOR COURT

**CIVIL ACTION NUMBER** <u>CE22-00755</u>
**Sheriff's Case #** 22027318

IN THE SUPERIOR/STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

--------------------------------------------------x

**JAMES H. WILSON, III**
PLAINTIFF

    VS.

**PROTECTIVE INDUSTRIAL PRODUCTS, INC,**
**D/B/A HEAROS, LLC**
DEFENDANT

--------------------------------------------------x

STATE OF NEW YORK}
COUNTY OF NEW YORK} SS:

I, **QIN ZHANG**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby certify that: I am not a party to this action or proceeding and over 18 years of age. I further certify that on **9/1/2022**, at approximately **9:48 AM** at **28 LIBERTY STREET 42TH FLOOR NEW YORK, NY 10005** in the borough of **MANHATTAN**, County of **NEW YORK**, I served the annexed: **SUMMONS & COMPLAINT FOR DAMAGES** upon **PROTECTIVE INDUSTRIAL PRODUCTS, INC.,** in the following manner:

**[X] PERSONAL SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION**

By delivering to and leaving with, **MOHAMED DANSOKO**, a true copy thereof.  Said person stated she was the **INTAKE SPECIALIST FOR CT CORPORATION** an agent authorized to accept service of legal process for **PROTECTIVE INDUSTRIAL PRODUCTS, INC**.

**[X] DESCRIPTION:**

Skin Complexion: **DARK**    Sex: **MALE**    Approx. Age: **40**    Height: **5'11"**
Weight: **185lbs.**    Hair Color: **BLACK**

I understand that false statements made herein are punishable as a class A misdemeanor pursuant to Penal Law §210.45.

SHERIFF OF THE CITY OF NEW YORK
ANTHONY MIRANDA

Dated: 9/2/2022

BY: _____
    **QIN ZHANG**
    **DEPUTY SHERIFF**
    **SHIELD # 482**

**SUMMONS** _____

## IN THE SUPERIOR/STATE COURT OF _____GLYNN_____ COUNTY

## STATE OF GEORGIA

CIVIL ACTION
NUMBER _____ CE22-00755 _____

_____

JAMES H. WILSON, III
_____
                        **PLAINTIFF**

        VS.

PROTECTIVE INDUSTRIAL PRODUCTS, INC,
d/b/a HEAROS, LLC
_____

_____
                        **DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Brent J. Savage
        102 E. Liberty Street, 8th Floor
        Savannah GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This____23rd____day of____AUGUST 2022_____, _____.

                                   Clerk of Superior/State Court

                                /s/ Madison Browning
        BY_____
                                          Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 7/22/2022 4:05 PM
Accepted 7/22/2022 4:12 PM
CASE # CE22-00755

*Ronald N. Adams*
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES H. WILSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: CE22-00755 |
| | ) | JUDICIAL OFFICER: JUDGE KELLEY |
| HEAROS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### Complaint for Damages

COMES NOW, James H. Wilson, III, Plaintiff in the above-styled action, and files this, his Complaint for Damages, showing this Honorable Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff James H. Wilson, III is a resident of Glynn County, Georgia.

2.

Defendant Hearos, LLC (hereinafter "Hearos") is a company specializing in the development, manufacturing, distribution, marketing, and sale of protective slow recovery foam earplugs (hereinafter "Earplugs"). Hearos conducts substantial business across the nation, including in the States of Georgia and Texas. The business address is 968 Albany Shaker Road, Latham, NY 12110 and it may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3.

Though the tortious injuries in this case occurred in Dallas, Texas, the Earplugs were purchased in Georgia, a state in which Hearos conducts substantial business.

4.

This Court has subject-matter jurisdiction over this case.

5.

Defendant is subject to the personal jurisdiction of this Court.

6.

Venue is proper in this Court.

## Factual Allegations

7.

On July 25, 2020, Plaintiff received training at Winchester Public Shooting Range, located at 10751 Luna Road, Dallas Texas. Plaintiff had purchased the Earplugs sometime earlier and took them to the range for protection against the loud noise at the gun range.

8.

During this training session, Plaintiff used the Earplugs. After firing a few rounds, Plaintiff felt some discomfort and upon experiencing pain in his ears, Plaintiff stopped firing his weapon. At this point, Plaintiff could hardly hear, which gave him grave concern. He then left the range.

**Rebecca Walden**

| | |
|---|---|
| **From:** | Rebecca Walden |
| **Sent:** | Thursday, August 25, 2022 8:59 AM |
| **To:** | Denise Kelly; Audra Rizzi |
| **Subject:** | CE22-00755 - Order of Recusal |
| **Attachments:** | Orderpdf.pdf |

Please see attached order of recusal. Judge Scarlett is the next Judge in rotation so this case is now assigned to him.

Thank you
**Rebecca J. Walden**
Chief Deputy Clerk
Glynn County Clerk of Superior Court
P O Box 1355
Brunswick, GA 31521
(O) 912-554-7290
(F) 912-267-5625
(M) 912-554-7272
rwalden@glynncounty-ga.gov

FILED - RW
GLYNN CO. CLERK'S OFFICE
Filed 8/24/2022 2:52 PM
Accepted 8/25/2022 8:44 AM
CASE #  CE22-00755

*Ronald M Adams*
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
### STATE OF GEORGIA

JAMES H. WILSON, III,      )
                                   )
      Plaintiff,          )
                                   )     Civil Action No. CE22-00755
      vs.                 )
                                   )
HEAROS, LLC,           )
                                 )
      Defendant.      )

### RECUSAL ORDER

The undersigned, having determined that it is necessary that he recuse himself from hearing or ruling in the above-captioned matter, hereby **ORDERS** the Clerk of the Superior Court of Glynn County to promptly reassign this matter to another Superior Court Judge in the Brunswick Judicial Circuit, and to notify all parties and/or counsel, if represented by counsel, involved of the entry of this Order.

SO **ORDERED**, this _22nd_ day of August, 2022.

**STEPHEN D. KELLEY**
**Judge, Superior Courts**
**Brunswick Judicial Circuit**

## Case

Case Number
CE22-00755

Location
Glynn - Superior Court 5

Case Type
Product Liability

Filed Date
07/22/2022 12:00 AM EDT

Description
JAMES H WILSON, IIIvs.HEAROS, LLC

Category
Civil

Status
Active

Judge
Kelley, Stephen D.

## Envelope # 10392626

Submit Date
08/24/2022 2:52 PM EDT

Filing Source
Odyssey File & Serve

Filed By
Pam Woodcock

Filer Address
701 H Street Suite 201
Brunswick, Georgia 31520

Filer Email
pcole@glynncounty-ga.gov

Docket Date
08/24/2022 2:52 PM EDT

Filing Attorney

Firm Name
Individual

Firm Phone
912-554-7372

## Existing Parties                                                                 2 Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | JAMES WILSON III | Brent J Savage |
| Defendant | HEAROS, LLC | |

## Filings                                                                          1 Filing(s)

### Order

Status
Accepted By Court

Reference Number

Filing Comments

Review Date
08/25/2022 8:45 AM EDT

Filing Type
EFileAndServe

Filing Description
Recusal Order

Filing Courtesy Copies

Accept Comments

### Documents

| Component | Document Name | Description | Security | Download Version |
|---|---|---|---|---|
| Lead Document | Order.pdf | Order.pdf | | Original Transmitted |

## Service                                                               1 Party(s) with Service



Other

| Status | Service Contact Name | Email | Firm | Service Method | Date Opened | Log |
|--------|---------------------|-------|------|----------------|-------------|-----|
| Served | Molly McIlvaine | mmcilvaine@glynncounty-ga.gov | Individual | EServe | Not Opened | View |
| Served | Brent Savage | lhatcher@savagelawfirm.net | Hunter Maclean Exley & Dunn, P.C. | EServe | Not Opened | View |
| Served | Pam Woodcock | pcole@glynncounty-ga.gov | Drew Eckl & Farnham, LLP | EServe | Not Opened | View |

## Fees

Description of Fees and Amounts

**Order**
Filing Fee                                                                 $0.00
                                                              Filing Total: $0.00

**Total Fees**
Total Filing Fees                                                          $0.00
                                                         Envelope Total: $0.00

Payment Information

Payment Account
Judge Kelley

Payment Type
Waiver

Party Responsible for Fees
Transaction Amount
$25.00

Transaction ID
13678594

Transaction Response
Waiver

CLOSE

HEAROS, LLC
CE22-00755
C/O CT CORPORATION SYSTEM
289 S CULVER STREET
LAWRENCEVILLE GA 30046

**RONALD M. ADAMS**
GLYNN COUNTY CLERK OF SUPERIOR COURT

P.O. BOX 1355
BRUNSWICK, GA 31521-1355

SUPERIOR COURT OF GLYNN COUNTY

# CASE SUMMARY
## CASE NO. CE22-00755

| | | |
|---|---|---|
| JAMES H WILSON, III<br>vs.<br>HEAROS, LLC | §<br>§<br>§<br>§<br>§ | Location: **Superior Court 1**<br>Judicial Officer: **Scarlett, Stephen G., Sr.**<br>Filed on: **07/22/2022**<br>SB176: **0632022002959** |

---

### CASE INFORMATION

Case Type: **Product Liability**

Case Status: **07/22/2022   Active**

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| Plaintiff | **WILSON, JAMES, III** | **Savage, Brent J**<br>*Retained*<br>912-231-1140(W) |
| Defendant | **HEAROS, LLC**<br>*C/O CT CORPORATION SYSTEM*<br>*289 S CULVER STREET*<br>*LAWRENCEVILLE, GA 30046* | **Pro Se** |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 07/22/2022 | Service Copy<br>*SERVICE CONTACT - SDK* |
| 07/22/2022 | Complaint for Damages<br>*EFILED BY BRENT SAVAGE, ATTY FOR PLTF* |
| 08/04/2022 | Return of Sheriff's Service<br>*DEF SERVED BY LEAVING A COPY W/ JANE RICHARDSON 7/28/2022* |
| 08/23/2022 | Summons<br>*TO DEF* |
| 08/24/2022 | Order (Judicial Officer: Kelley, Stephen D. )<br>*OF RECUSAL, CASE NOW ASSIGNED TO JUDGE SCARLETT* |
| 09/12/2022 | Other<br>*From CT Corporation-Notice of Rejected Service of Process-NOT AGENT* |
| 09/13/2022 | Return of Sheriff's Service<br>*DEF CURTIN GERMAINE PIP C/O NOT SERVED, DILIGENT SEARCH MADE 8.30.22 BY FULTON CO SO* |
| 09/13/2022 | Return of Sheriff's Service<br>*Copy left with Mohamed Dansoko - Sheriff's Certificate of Service from City of New York dated 9/2/2022* |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** WILSON, JAMES, III
| | |
|---|---|
| Total Charges | 210.50 |
| Total Payments and Credits | 210.50 |
| **Balance Due as of  09/15/2022** | **0.00** |

*Printed on 09/15/2022 at 1:39 PM*