IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JAMES H. WILSON, III,<br><br>      Plaintiff,<br><br>   v.<br><br>HEAROS, LLC,<br><br>      Defendant. | CIVIL ACTION NO.: 2:22-cv-101 |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay Discovery. Doc. 29. Plaintiff filed a Response to Defendant's Motion. Doc. 33. For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

Defendant filed a motion to dismiss and supporting brief on October 11, 2022. Docs. 4, 5. Defendant renewed its motion to dismiss on December 12, 2022, withdrawing its defense for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), but maintaining its defenses for insufficient process under Rule 12(b)(4), for failure to state a claim, and for failure to comply with the applicable statute of limitations. Doc. 22. The parties filed a Rule 26(f) report on December 24, 2022, proposing each discovery deadline be set within a number of days after the Court rules on Defendant's motion to dismiss. Doc. 24. The report also stated Defendant would be filing this Motion to Stay. Id. at 4. Defendant has now filed that Motion. Doc. 29.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).

Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016).

"[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendant has met its burden in showing a stay is necessary. Defendant asserts its motion to dismiss will dispose of the entire case, if granted. Doc. 29 at 2–3. Defendant further claims the stay would eliminate the need for significant discovery. Id. at 3. A "preliminary peek" at Defendant's motion to dismiss reveals the motion has some merit and, if granted in its entirety, would dispose of all claims in this action. Sams, 2016 WL 3339764 at *6; Doc. 5.

Plaintiff, in his Response to Defendant's Motion to Stay, does not demonstrate harm will occur by granting the stay. Plaintiff argues, generally, the passage of time can make discovery more difficult, but Plaintiff does not explain how a delay could affect the witnesses and evidence in this case. Doc. 33 at 4. Further, Plaintiff has already filed a response to Defendant's motion to dismiss. Doc. 13. It does not appear Plaintiff requires discovery to address Defendant's Rule 12(b)(6) and statute of limitations claim. Plaintiff argues he may need discovery because Defendant claims lack of personal jurisdiction. Doc. 33 at 3. However, Defendant's jurisdictional defense is based on insufficient process. Doc. 24 at 2–3. Plaintiff already addressed this defense in his response to Defendant's motion to dismiss. Doc. 13 at 2–4. Plaintiff did not raise a need for discovery then, and he does not explain how discovery will help him address this defense now.

While there is no per se rule that discovery is stayed every time a motion to dismiss is filed, the principle expressed in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is pertinent to the case at hand. See 123 F.3d at 1368. As explained above, a brief review of Defendant's motion to dismiss reveals it raises potentially meritorious challenges to Plaintiff's claims. If the Court were to grant Defendant's motion to

3

dismiss, this lawsuit would be dismissed in its entirety.  Because the motion to dismiss could potentially resolve the entire case and litigation costs could be avoided, the Court finds good cause to stay discovery.

For these reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery.  Doc. 29.  This stay will be automatically lifted upon the issuance of a Court Order ruling on the motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on the motions to dismiss and, if the case remains pending, must re-submit their Rule 26(f) report 7 days after their conference.

**SO ORDERED**, this 19th day of January, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA