# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JAMES H. WILSON, III,

    Plaintiff,

    v.

HEAROS, LLC,

    Defendant.

2:22-CV-101

## ORDER

Before the Court is a motion to dismiss, as supplemented, filed by Defendant Hearos, LLC and non-party Protective Industrial Products, Inc.  Dkt. Nos. 4, 22.  With the benefit of briefing and oral argument, the Court **GRANTS** the motion as to Hearos and **DENIES** the motion **as moot** as to Protective Industrial Products, Inc.

### FACTUAL BACKGROUND

This case arises out of personal injuries Plaintiff James Wilson III sustained while using earplugs Defendant Hearos, LLC manufactured, designed and marketed (the "Earplugs").  Dkt. No. 1-1 at 2.  On July 25, 2020, Plaintiff used the Earplugs during a training session at a public shooting range in Dallas, Texas.  Id. at 3.  After firing a few rounds, Plaintiff felt discomfort and pain in his ears, and he stopped firing his weapon.  Id.  Plaintiff then discovered he could barely hear and left the range.  Id.

After visits with his regular ear doctor and a specialist, Plaintiff was diagnosed with acute acoustic trauma with significant perceptive hearing loss. Id. at 4. Plaintiff had never experienced any type of atherosclerotic disease prior to the incident. Id.

Plaintiff alleges Defendant Hearos's "poorly manufactured Earplugs and lack of proper usage instructions" caused his acute hearing loss and accompanying sound distortion. Id. Plaintiff contends Defendant Hearos is liable for the negligent manufacture and sale of the Earplugs (Count II), id. at 6; failure to warn of the Earplugs' dangerous and defective design (Count III), id. at 7; and post-sale failure to warn of the Earplugs' defective and inherent design flaws (Count IV), id. at 8.[1] Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs. Id. at 9–11.

## PROCEDURAL BACKGROUND

On July 22, 2022, just three days before the statute of limitations ran on his claims,[2] Plaintiff filed his complaint against Defendant Hearos in Glynn County Superior Court. See generally id. On that date, Plaintiff requested and received the

---

[1] Plaintiff's complaint does not include a "Count I." See Dkt. No. 1-1 at 2–11.

[2] Because Plaintiff's claims accrued on July 25, 2020, the statute of limitations on those claims expired on July 25, 2022. Dkt. No. 1-1 at 3; O.C.G.A. § 9-3-33 (Georgia personal injury claims must be filed within two years of the accrual of the cause of action).

issuance of a summons that listed Defendant Hearos in the case
caption but was blank as to the recipient's name and address (the
"Original Summons"). Id. at 13. On July 28, 2022, Plaintiff
served CT Corporation System with the Original Summons and
complaint. Id. at 14. However, on August 30, 2022, CT Corporation
System rejected service because it is not Defendant Hearos's
registered agent. Id. at 15.

On August 23, 2022, Plaintiff requested and received issuance
of a second summons that was also blank as to the recipient's name
and address ("Second Summons"). Id. at 16. The Second Summons,
however, included a change in the case caption which implicated
Protective Industrial Products, Inc. ("PIP"), Defendant Hearos's
parent company, alongside Defendant Hearos. Id.; Dkt. No. 11 at
1-2. The Second *Summons* listed the defendant as "Protective
Industrial Products, Inc. d/b/a Hearos, LLC," even though the
*complaint* lists only Defendant Hearos as a party-defendant.
Compare Dkt. No. 1-1 at 16 with Dkt. No. 1-1 at 2, 20, 30.
Importantly, no amended complaint adding PIP as a defendant was
filed. Id. at 37.

Thereafter on August 30, 2022, despite the issuance of the
Second Summons, Plaintiff unsuccessfully attempted service of the
Original Summons on PIP. See id. at 17 (sheriff's entry of service
showing an attempt to serve "PIP c/o Registered Agent Germaine
Curtin" on August 30, 2022); id. at 18 (letter from Plaintiff's

attorney to Fulton County Sheriff's Office dated August 18, 2022 explaining the contents of the service package as well as service instructions); id. at 16 (showing the Second Summons was issued on August 23, 2022, after Plaintiff mailed the service package to the Fulton County Sheriff's office on August 18, 2022).

On September 1, 2022, Plaintiff served PIP's registered agent in New York, New York.  Id. at 28.  This time, as far as the Court can discern from the docket, Plaintiff included the Second Summons. Id. at 29.

Approximately one month later, on October 3, 2022, non-party PIP filed a notice of removal in this Court.  Dkt. No. 1.  On October 11, 2022, non-party PIP and Defendant Hearos filed a joint motion to dismiss for: (1) insufficient process under Federal Rule of Civil Procedure 12(b)(4) as to both PIP and Defendant Hearos, (2) insufficient service of process under Rule 12(b)(5) as to Defendant Hearos, (3) failure to state a claim under Rule 12(b)(6) as to both PIP and Defendant Hearos, and (4) failure to comply with the applicable statute of limitations as to both PIP and Defendant Hearos.  Dkt. Nos. 4, 5.

On November 21, 2022, Plaintiff served Defendant Hearos and filed the affidavit of service.  Dkt. Nos. 19, 25, 26.  As a result, on December 12, 2022, PIP and Defendant Hearos amended their motion to dismiss, withdrawing their second ground for dismissal—for insufficient service of process under Federal Rule

4

of Civil Procedure 12(b)(5)—but maintaining their three other grounds for dismissal.  Dkt. No. 22 at 2.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met;

legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

**DISCUSSION**

**I.   PIP is not a party in this case.**

As a threshold matter, the complaint does not name PIP as a defendant in this case. Dkt. No. 1-1 at 2. Although PIP filed an answer, dkt. no. 8, and joined Defendant Hearos's motion to dismiss, dkt. nos. 4, 22, all parties agreed in a hearing before the Court that PIP is not a party in this case.[3] Thus, non-party

---

[3] As noted previously, nonparty PIP removed the case to this Court on the basis of diversity jurisdiction, and Defendant Hearos consented to removal. Dkt. Nos. 1, 1-3. Often, a nonparty's removal of a case is improper. See Hous. Auth. of Atlanta, Ga. v. Millwood, 472 F.2d 268, 270 (5th Cir. 1973) (holding removal jurisdiction cannot be based on a nonparty's *presence* in a case). However, neither party raised the removal defect within the thirty-day period after removal. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Some district courts within the Eleventh Circuit have found that a non-party's removal of a case is a jurisdictional defect which requires remand. See, e.g., Betts v. Progressive Specialty Ins. Co., No. CV 16-00254-N, 2016 WL 3825431, at *2 (S.D. Ala. July 13, 2016); Bank of New York v. Burgess, No. 110CV01850ODEAJB, 2010 WL 11647679, at *2 (N.D. Ga. June 23, 2010), report and recommendation adopted, No. 1:10-CV-1850-ODE-AJB, 2010 WL 11647680 (July 23, 2010). However, the Court is persuaded that a non-party's removal of a case is a procedural defect which can be waived. The courts in both Betts and Burgess rely on Millwood, a binding Fifth Circuit case. There, the Fifth Circuit held that, because a non-party "was not made a party to the suit, a precondition of the district court to have removal jurisdiction under either [28 U.S.C. § 1441 or § 1442]," "[t]he district court lacked jurisdiction to rule on the substantive issues." Millwood, 472 F.2d at 272; see also id. at 270 ("[T]he other parties were in federal court solely as a result of removal jurisdiction over [the non-party].")." Betts and Burgess interpret Millwood to stand for the proposition that a district court does not have jurisdiction when a non-party

PIP's "arguments" imbedded in Defendant Hearos's motion to dismiss, dkt. nos. 4, 22, are **DENIED as moot**.

## II. Dismissal for insufficient process is not warranted under Rule 12(b)(4).

---

improperly removes a case. However, the Fifth Circuit has since clarified its <u>Millwood</u> ruling in <u>In re Allstate Ins. Co.</u>, 8 F.3d 219 (5th Cir. 1993). There, the Fifth Circuit differentiated between a jurisdictional defect and a procedural defect as they relate to removal. The court stated, "a 'procedural defect' within the meaning of § 1447(c) refers to 'any defect that does not go to the question of whether the case originally could have been brought in federal district court....'" <u>Id.</u> at 221 (quoting <u>Baris v. Sulpicio Lines</u>, 932 F.2d 1540, 1544 (5th Cir.), <u>cert. denied</u>, 502 U.S. 963 (1991)). The court also held that district courts do not have discretion, per § 1447(c), to remand for procedural defects *sua sponte*. <u>Id.</u> at 223; <u>see also</u> <u>Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297-98 (11th Cir. 2009) (holding district court erred by remanding the case on jurisdictional grounds when faced solely with a procedural defect in the removal process (citing <u>In re Allstate</u>, 8 F.3d at 221)). Applying that analysis to the case at bar, the Court finds that non-party PIP's removal of this case is a procedural, rather than a jurisdictional, defect because it does not "go to the question of whether th[is] case originally could have been brought in federal district court." <u>In re Allstate</u>, 8 F.3d at 221. Because the defect is procedural, the defect has been waived by the parties' failure to file a motion to remand within thirty days after removal. § 1447(c). Additionally, the Court is not permitted to *sua sponte* remand based on this procedural defect *unless* subject matter jurisdiction is lacking. <u>In re Allstate</u>, 8 F.3d at 223. Here, the Court is satisfied that the requirements for diversity jurisdiction are met, <u>see</u> 28 U.S.C. § 1332(a), and, thus, the Court has subject matter jurisdiction over this case, <u>see</u> <u>In re Guardianship of Sequerra v. Lines</u>, No. 07-20929-CIV, 2007 WL 9702895, at *1 (S.D. Fla. Apr. 24, 2007) (finding that the court had subject matter jurisdiction despite the procedural defect of a nonparty's removal).

Defendant contends that while the *complaint* lists "Hearos, LLC" as the sole defendant, the *summons* does not.  Dkt. No. 5 at 3-5; Dkt. No. 15 at 2-3.  Instead, Defendant argues, the summons is not directed to Defendant Hearos, warranting dismissal under Rule 12(b)(4).  Dkt. No. 5 at 3-5; Dkt. No 15 at 2-3.

"Proper service of process is a jurisdictional prerequisite." Fuqua v. Turner, 996 F.3d 1140, 1154 (11th Cir. 2021).  Thus, Federal Rule of Civil Procedure 12(b)(4) provides the procedural mechanism for challenging the Court's jurisdiction due to insufficient process, and, if properly raised, can lead to dismissal of a complaint.

The law of the state from which the case was removed determines the sufficiency of process *prior* to removal.  Demarco v. Rakmanov, No. 1:20-CV-04256-SDG, 2021 WL 8998911, at *2 (N.D. Ga. Aug. 13, 2021) ("In actions removed from state court, the sufficiency of service of process *prior to removal* is determined by the law of the state from which the action was removed." (emphasis added) (quoting Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013))); see also Fed. R. Civ. P. 81(c)(1) ("[The federal] rules apply to a civil action *after* it is removed from a state court." (emphasis added)).

Georgia law requires a summons to "be directed to the defendant." O.C.G.A. § 9-11-4(b); see also Fairfax v. Wells Fargo Bank, N.A., 718 S.E.2d 16, 19 (Ga. Ct. App. 2011) (finding "no

9

jurisdiction was obtained" because there was "no proof in the record . . . that a summons was issued identifying [the person] as a defendant").

As for sufficiency of service after removal, the analogous federal rule outlining a summons' content requirements similarly mandates that a summons "be directed to the defendant."  Fed. R. Civ. P. 4(a)(1)(B).  In contrast, Rule 4(b), which provides for the *issuance* of a summons, explains, "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."  Moreover,

> "Although [12(b)(4)] is rarely invoked and litigated, extant authority makes clear that a Rule 12(b)(4) motion is appropriate only where the summons is defective. Indeed, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions *of Rule 4(b)* or any applicable provision incorporated *by Rule 4(b)* that deals specifically with the content of the summons. Dismissals for defects in the form of summons are generally disfavored ... and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice."

Piccard v. Deedy, No. 1:21-cv-558-MLB, 2021 WL 4846132, at *5 (N.D. Ga. Oct. 15, 2021) (alterations in original) (emphasis added) (quoting Mortensen v. Mortg. Elecs. Registration Sys., Inc., No. 09-0787, 2010 WL 3339492, at *1 (S.D. Ala. Aug. 23, 2010)).

The Eleventh Circuit has made clear that technical defects in a summons do not justify dismissal unless the movant demonstrates actual prejudice.  See Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 900-01 (11th Cir. 1990) (finding the summons was in "substantial compliance" with Rule 4(b) such that the only question was whether the defendant was prejudiced); id. (noting that "[e]ven if the summons fails to name all the defendants . . . dismissal is generally not justified absent a showing of prejudice" (quoting United Food & Com. Workers Union v. Alpha Beta Co., 736 F.2d 1371 (9th Cir. 1984))).

It is unclear which of Plaintiff's summonses Defendant contends is insufficient—the Original Summons or Second Summons filed in state court, or the summons ultimately filed in this Court, after service on Defendant was accomplished.  Nonetheless, Defendant's contention that Plaintiff's failure to re-identify Defendant Hearos on a second line, below the case caption, is at best a trivial objection to the form of each summons.  The Original Summons lists "JAMES H. WILSON, III" as the "PLAINTIFF" and lists "HEAROS, LLC" as the "DEFENDANT."  Dkt. No. 1-1 at 13.  Defendant Hearos was clearly identified as the "DEFENDANT" in this case in both the complaint, id. at 2, and the Original Summons and Second Summons, id. at 13, 16, 19, 29.  Thus, the summonses were "directed to the defendant" in accordance with Georgia law.

11

Moreover, the summons filed in this Court names Defendant "Hearos, LLC" in the case caption and the recipient address includes "Hearos, LLC" and Defendant's address. Dkt. Nos. 25, 26. Thus, the summons filed in this Court identifies the Defendant not once, but twice. Dkt. Nos. 25, 26. Defendant makes no argument regarding any prejudice from these "defects" and, accordingly, fails to identify any service defect sufficient to justify dismissal. Thus, Defendant's motion to dismiss cannot be granted on insufficient process grounds pursuant to Rule 12(b)(4). However, a different conclusion is required under Rule 12(b)(6).

### III. Dismissal is warranted under Rule 12(b)(6) because Plaintiff's claims are time-barred.

Defendant Hearos contends dismissal is warranted on statute of limitations grounds because, under Georgia law, Plaintiff failed to timely or diligently serve Defendant once the statute of limitations on Plaintiff's claims had expired. Dkt. Nos. 4, 5, 22. Plaintiff, in turn, insists the opposite—that under 28 U.S.C. § 1448, the statute that governs process after removal, Defendant's removal of this action to this Court on October 3, 2022 triggered Plaintiff's opportunity to perfect service on Defendant. Dkt. No. 20 at 2-8; see also Fed. R. Civ. P. 4(m). Because this action originated in state court but was removed to federal court, a look at each sovereign's service rules is warranted in order to resolve the parties' dispute about the timeliness of service.

As for Georgia, O.C.G.A. § 9-11-4(c) provides the person making service a five-day grace period after receiving a summons to actually serve the defendant. When a complaint is filed within the limitations period, but service is perfected after the limitations period ends, as in this case, service "relates back" to the time of filing "so as to avoid the limitation" only if service is timely perfected. Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413, 416–17 (Ga. Ct. App. 2014). When service is not made until after the five-day period and the statute of limitations has expired, whether the action is time-barred depends on the plaintiff's diligence in effectuating service. Id. at 417. So, Defendant argues, under Georgia law, whether the complaint is time-barred hinges on Plaintiff's diligence. Dkt. No. 5 at 7-10; Giles, 765 S.E.2d at 417.

"By contrast, [Federal Rule of Civil Procedure] 4(m) permits service of process within [ninety] days after filing the complaint." Owens v. de Leon, No. 1:19-CV-3539-LMM, 2019 WL 8277268, at *2 (N.D. Ga. Dec. 13, 2019) (citing Fed. R. Civ. P. 4(m)). "Thus, the federal rule permits valid service within a longer time frame than the Georgia rule in cases in which the statute of limitations expires between the filing of the complaint and service of process." Id. (quoting Botts v. Proflow, Inc., No. 2:09-cv-0080-WCO, 2010 WL 11508352, at *1 (N.D. Ga. Feb. 23, 2010)). So, if 28 U.S.C. § 1448 does provide the opportunity to

"perfect[]" service pursuant to Rule 4(m) after removal, as Plaintiff contends, his diligence makes no difference because he served process on Defendant Hearos on November 21, 2022, within the ninety-day period. Dkt. No. 20 at 2-6; Dkt. Nos. 19, 25, 26.

Plaintiff correctly notes that when a case is removed to federal court, federal law governs *future* attempts to serve process. 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1). 28 U.S.C. § 1448 states, in pertinent part,

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

It follows, then, that Rule 4(m)'s requirements "begin[] upon the day a case was removed to federal court." White v. Capio Partners, LLC, No. 1:15-cv-120, 2015 WL 5944943, at *2 (S.D. Ga. Oct. 13, 2015) (collecting cases). However, as Defendant correctly notes, the law of the state from which the case was removed determines the sufficiency of process *prior* to removal. Dkt. No. 5 at 3; Demarco, 2021 WL 8998911, at *2 ("In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." (quoting Moore, 916 F. Supp. 2d at 1339)); see also Fed.

R. Civ. P. 81(c)(1) ("[The federal] rules apply to a civil action after it is removed from a state court.").

Importantly, though, "Rule 4(m) merely sets the outer time limit for service of a complaint. Nothing in Rule 4(m) suggests that it was intended to extend the life of a state cause of action." Boyleston v. Downs, No. CV 117-038, 2017 WL 5012590, at *2 (S.D. Ga. Nov. 1, 2017); see also Deverze v. Uber Techs., Inc., No. 1:19-CV-4988-CAP, 2021 WL 1053641, at *4 (N.D. Ga. Feb. 4, 2021) ("State statutes of limitations are substantive laws and must be followed by federal courts in diversity actions." (quoting Bledsoe v. Office Depot, 719 F. App'x 980, 980 (11th Cir. 2018))).  The Eleventh Circuit has outlined,

> [i]n a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The applicable statute of limitations must come from state law. And the law governing when the suit was commenced for purposes of the statute of limitations is also governed by state law.

Aucoin v. Connell, 209 F. App'x 891, 892-93 (11th Cir. 2006) (first citing Guar. Trust Co. v. York, 326 U.S. 99, 110 (1945), then citing Walker v. Armco Steel Corp., 446 U.S. 740 (1980); and then citing Ragan v. Merchs. Transfer & Warehouse Co., 337 U.S. 530 (1949)); see also Sloan v. Fulton-Dekalb Hosp. Auth., 226 F. App'x 954, 955 (11th Cir. 2007) (no error in district court's finding that the plaintiff's evidence of diligence was insufficient under

Georgia law barring the plaintiff's claims on statute of limitations grounds).

Moreover, in Cambridge Mutual Fire Insurance Co. v. City of Claxton, 720 F.2d 1230 (11th Cir. 1983), the Eleventh Circuit specifically explained that in diversity cases arising under Georgia law,

> [I]f the statute of limitations runs out between the filing of the complaint and service of process, the effective commencement date of the suit depends on when service of process is perfected. If the plaintiff either perfects service within five days of filing or "diligently attempt[s] to perfect service," then the suit is deemed commenced on the date the complaint was filed. But if the plaintiff does not diligently attempt to perfect service, the commencement date does not relate back to the filing of suit and the statute of limitations bars the suit.

Aucoin, 209 F. App'x at 893 (second alteration in original)(quoting Cambridge Mut., 720 F.2d at 1233). In Aucoin, for example, the defendants removed the state-law negligence suit to federal court pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, before the plaintiff perfected service on them. Id. at 892. The Eleventh Circuit, applying the Georgia diligence rule, affirmed the district court's dismissal of the suit as time-barred because the plaintiff did not exercise diligence in serving the defendant after the statute of limitations expired. Id. at 894-95.

The present case is procedurally similar to Aucoin. Plaintiff filed his complaint on July 22, 2022, for alleged injuries occurring on July 25, 2020. Dkt. No. 1-1 at 3, 11. Thus, Plaintiff

16

filed his complaint before the limitations period expired on July 25, 2022. Id. at 11; see also O.C.G.A. § 9-3-33 (Georgia personal injury claims must be filed within two years of the accrual of the cause of action).  Then, like in Aucoin, the case as removed to this Court pursuant to 28 U.S.C. § 1332.  Dkt. No. 1 at 3-5.  The notice of removal was filed on October 3, 2022.  See generally id. At that time, Plaintiff had not yet served Defendant.  Id. at 1; Dkt. Nos. 19, 25, 26.  Indeed, Plaintiff did not serve Defendant until November 21, 2022, approximately 117 days after the expiration of the limitations period and clearly beyond the five-day grace period afforded by O.C.G.A. § 9-11-4.  Dkt. Nos. 19, 25, 26; see also Dkt. No. 13-3 at 2 (Plaintiff's "Service Diligence Log" stating that the complaint was sent to the Gwinnett County Sheriff's office on July 26, 2022, and service was unsuccessfully attempted on July 28, 2022).  Thus, "under clear Eleventh Circuit precedent, this suit must be held to have commenced after the expiration of the statute of limitations unless Plaintiff[] 'diligently attempted' to perfect service."  Owens, 2019 WL 8277268, at *3 (citing Cambridge Mut., 720 F.2d at 1233); see also Giles, 765 S.E.2d at 413.

Accordingly, the question before the Court is whether Plaintiff exercised the appropriate diligence in serving Defendant.  Under Georgia law, "due diligence" means "as quickly as possible."  Zeigler v. Hambrick, 571 S.E.2d 418, 419 (Ga. Ct.

App. 2002), <u>overruled on other grounds by</u> <u>Giles</u>, 765 S.E.2d at 417; <u>accord</u> <u>Owens</u>, 2019 WL 8277268, at *3.  However, the Georgia rule does not stop at "diligence" but distinguishes between a plaintiff's obligations to exercise either "reasonable diligence" or the "greatest possible diligence."  <u>See</u> <u>Van Omen v. Lopresti</u>, 849 S.E.2d 758, 763 (Ga. Ct. App. 2020) ("We . . . hold that the standard of 'greatest possible diligence' in the context of assessing a plaintiff's attempts at service applies only when the statute of limitation has expired and the defendant has raised a service defense in court.").

While a plaintiff must exercise reasonable diligence to serve a defendant when the limitations period has expired, as soon as a defendant raises the statute of limitations issue, a plaintiff must exercise the greatest possible diligence to ensure proper and timely service.  <u>See</u> <u>Strickland v. Home Depot</u>, 507 S.E.2d 783, 785 (Ga. Ct. App. 1998) ("When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised." (citation omitted)); <u>Van Omen</u>, 849 S.E.2d at 763. So, the reasonable diligence standard applies to Plaintiff's attempts to accomplish service before October 11, 2022, and the "greatest possible diligence" standard applies to any attempts thereafter.  <u>Van Omen</u>, 849 S.E.2d at 763; <u>see also</u> Dkt. Nos. 4, 5 (Defendant's motion to dismiss arguing dismissal is warranted due to the statute of limitations and Plaintiff's failure to serve);

Dkt. No. 9 (Defendant's special appearance answer asserting service of process and statute of limitations defenses).

Plaintiff bears the burden of establishing his diligence, and, accordingly, "must provide specific dates or details to show diligence and cannot rely on conclusory statements." Zeigler, 571 S.E.2d at 420. Accordingly, Plaintiff must "show there are no 'unexplained lapses' in h[is] attempts to serve the defendant, and that showing must be supported 'by specific dates and details.'" Herrin v. J.C. Penny Corp., Inc., No. 2:19-cv-11, 2019 WL 1646402, at *3 (S.D. Ga. Apr. 16, 2019) (alteration in original) (quoting Tlemcani v. Ga. Dep't of Cmty. Health, No. 1:17-cv-2547, 2017 WL 8293276, at *6 (N.D. Ga. Sept. 28, 2017)).

The Court finds that Plaintiff was not diligent in attempting to perfect service on Defendant after expiration of the limitations period. While Plaintiff did ultimately serve Defendant with process on November 21, 2022, dkt. nos. 19, 25, 26, that service was not timely under either diligence standard. That service occurred nearly 122 days after the complaint was filed, approximately 117 days after the limitations period expired, and well after Georgia's five-day grace period presumably ended. Dkt. Nos. 19, 25, 26.

While Plaintiff has provided specific dates and details explaining his diligence up to removal—October 3, 2022—he fails to show he exercised reasonable diligence, let alone the "greatest

possible diligence" in attempting service after Defendant filed its motion to dismiss—on October 11, 2022—alerting Plaintiff to the service-failure.

The record shows that after it was served with process on September 1, 2022, non-party PIP, with Defendant Hearos's consent, removed the case to this Court on October 3, 2022. Dkt. No. 1; Dkt. No. 1-1 at 28; Dkt. No. 1-3. On October 11, 2022, in motions and answers filed by special appearance in this Court, Defendant, for the first time, asserted the statute of limitations defense contending that non-party PIP was not its registered agent. Dkt. Nos. 4, 9. Defendant's motion apprised Plaintiff of his failure to accomplish service on Hearos and triggered Georgia's "greatest possible diligence" standard. See Van Omen, 849 S.E.2d at 763 ("We . . . hold that the standard of 'greatest possible diligence' in the context of assessing a plaintiff's attempts at service applies only *when the statute of limitation has expired and the defendant has raised a service defense in court*." (emphasis added)).

While service on a non-party is insufficient under the federal rules, Plaintiff did ultimately serve Defendant Hearos—the proper defendant. Dkt. Nos. 19, 25, 26, 41 at 3. Plaintiff did so, however, on November 21, 2022, forty-one days after Defendant filed its motion and answer asserting the statute of limitations defense. Dkt. Nos. 19, 25, 26, 41 at 3; see also Botts, 2010 WL 11508352,

at *3 (plaintiff failed to satisfy the ordinary diligence standard
where service was delayed thirty-eight days); Ingraham v. Marr,
540 S.E.2d 652, 655 (Ga. Ct. App. 2000) (delay of two months
between notice of defect and service attempt did not constitute
greatest possible diligence); Wade v. Whalen, 504 S.E.2d. 456, 460
(Ga. Ct. App. 1998) (plaintiff did not use greatest possible
diligence due to delays of forty-seven, twenty-eight, twenty-one,
and twenty-five days), abrogated on other grounds by Giles, 765
S.E.2d at 319 n.2; Morris v. Haren, 52 F.3d 947, 948-49 (11th Cir.
1995) (plaintiff failed to satisfy even the ordinary diligence
standard where there was a delay of three months between filing of
complaint and perfection of service) (applying Georgia law).

    In explaining this forty-one-day lapse, Plaintiff insists
that he believed service on PIP was sufficient to confer service
on Hearos, and alternatively, seems to suggest that Hearos
"evade[d]" service by stating "[i]nformation on Hearos'[sic]
status in the State of Georgia is readily available on the Georgia
Secretary of State's website." Dkt. No. 41 at 2-3 (alterations in
original) (citing Dkt. No. 15). Unfortunately, Plaintiff does not
provide specific dates and details to explain the forty-one-day
lapse until he admits that "[o]ut of an abundance of caution . . .
on or around November 13-17, Plaintiff began looking for Hearos
corporate documentation in Delaware based on the statements
contained in the Notice of Removal." Dkt. No. 41 at 3. So,

Plaintiff admits that approximately thirty-three days after the motion to dismiss was filed, and forty-one days after the Notice of Removal was filed, he finally took the opportunity to "identif[y] through Delaware's Secretary of State's website" where to serve Hearos and finally send the service package.  Id.

Plaintiff states he *believed* that service on PIP was sufficient because he *believed* Hearos was a "mere instrumentality" of PIP.  Dkt. No. 41 (pointing to non-party PIP and Defendant Hearos's corporate form; email correspondence from PIP and Defendant Hearos's insurance carrier; the lack of any corporate registration information on the Georgia Secretary of State's website regarding Hearos; the appearance that PIP and Hearos may share corporate officers; and the lack of contact information on the Earplugs' packaging).  However, in the face of filings showing otherwise and Hearos's plainly available information as of the date of removal,[4] Plaintiff's *beliefs* regarding Hearos's corporate structure are not sufficient to show he meets the "greatest possible diligence" standard.  Therefore, this action's commencement date does not relate back to the filing of suit and the statute of limitations bars the suit.  Aucoin, 209 F. App'x at

---

[4] Notably, the Notice of Removal which included Defendant Hearos's state of incorporation, was filed on October 3, 2022.  Dkt. No. 1 at 3.  By his own admission that he referenced this exact document just days before accomplishing service on Hearos, Plaintiff shows his lack of diligence.  Dkt. No. 41 at 3.

893.   Therefore, Defendant's motion to dismiss the complaint as time-barred under Rule 12(b)(6) is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, Defendant Hearos's motion to dismiss, dkt. nos. 4, 22, is **GRANTED** pursuant to Rule 12(b)(6). Non-party PIP's motion to dismiss, dkt. no. 4, is **DENIED as moot.**

**SO ORDERED**, this 7th day of July, 2023.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA